**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00382-CNS-SBP

DAVID W SIMMINGTON, JR.

    Plaintiff,

v.

K. SHERPA, et al.

    Defendants.

---

## **DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Defendants former Jefferson County Deputy Sheriff K. Sherpa and Jefferson County Deputies Sheriff C. Powers and M. Zimmerman (collectively, the "Deputies") respectfully move to stay all discovery pursuant to FED. R. CIV. P. 26(c) pending resolution of their Motion to Dismiss [ECF 45].[1]

### **BACKGROUND**

As detailed more fully in the Motion to Dismiss [ECF 45], David Simmington's Amended Complaint [ECF 14] ("Simmington" and the "Complaint," respectively) asserts various claims against the Deputies, all of which are premised on allegations stemming from his incarceration on violent felony domestic violence charges. [ECF 45 at 6-14.] The Deputies moved to dismiss because Simmington failed to exhaust his administrative remedies and because they are entitled to qualified immunity. [*Id.* at 4-

---

[1] Because Simmington is an unrepresented prisoner, D.C.COLO.LCIVR 7.1(b)(1) exempts this filing from the duty to confer.

1

14.] Because the Deputies' entitlement to qualified immunity requires this Court to resolve the immunity issues "at the earliest possible state in litigation," discovery and all other proceedings should be stayed pending resolution of those immunity defenses. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.")

## ARGUMENT

"The Court's discretion to stay proceedings arises from its power to control its own docket."[2] *Lane v. Yohn*, No. 12-cv-02183-MSK-MEH, 2012 WL 4928216, *1 (D. Colo. Oct. 15, 2012) (citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)); *Stone v. Lockheed Martin Corp.*, No. 08–cv–02522–REB–KMT, 2009 WL 267688, at *1 (D. Colo. Feb. 2, 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936) (holding that courts have inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")). The trial court has broad discretion to stay an action while a motion to dismiss is pending pursuant to FED. R. CIV. P. 26(c) (permitting a trial court to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense"). *See String Cheese Incident, LLC v. Stylus Shows*, Inc., No. 1:02–CV–01934–LTB–PA, 2006 WL

---

[2] Pursuant to D.C.COLO.LCIVR 7.1(e), all unpublished opinions are attached to this pleading as **Exhibit A** and will be provided to Simmington along with this Motion.

2

894955, at *2 (D. Colo. Mar. 30, 2006); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (determining a stay may be warranted if "resolution of a preliminary motion may dispose of the entire action"); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Here, the Court should stay discovery to preserve the Deputies' immunity defenses asserted in the Motion to Dismiss [ECF 45 at 6-14]. Moreover, staying discovery and proceedings is appropriate in this case because of the arguments raised in the Motion to Dismiss, if successful, would dispose of all claims against the Deputies.

**I.   A stay of discovery preserves the protections of the Deputies' qualified immunity defense.**

The Deputies are entitled to a stay of discovery because they have asserted the defense of qualified immunity with respect to Simmington's claims against them. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *see also id.* at 605 n.2. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Iqbal*, 556 U.S. at 685 (internal quotation omitted). If a defendant can attack the sufficiency of the pleading on immunity grounds, that defendant should be saved from the burdens of any discovery. *See Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (holding that if the allegations describe "actions

3

that a reasonable officer could have believed lawful . . . then [the defendant] is entitled to dismissal prior to discovery."); *see also Britton*, 523 U.S. at 598. ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Harlow*, 457 U.S. at 818 ("Until this threshold immunity question is resolved, discovery should not be allowed.").

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation," *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). In such cases, like here, where all claims are inextricably connected and nearly indistinguishable from one another, true preservation of the immunity defense requires a stay of all discovery because it "is no answer to these concerns to say that discovery for [an individual defendant] can be deferred while pretrial proceedings continue for other defendants." *Iqbal*, 556 U.S. at 685; *see Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (finding the district court properly decided the threshold question of immunity prior to permitting discovery). Even if those who have asserted qualified immunity are not "subject to discovery orders . . . they would not be free from the burdens of discovery" if discovery were to proceed on other claims. *Id.* at 686; *see also A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012) (*Iqbal* indicates "very clearly that the Supreme Court believes discovery should be stayed in the case as a whole even when only one defendant is asserting qualified immunity").

In a recent opinion, *Lucero v. City of Aurora*, the Court reviewed United States Supreme Court, Tenth Circuit, and this District's precedent to determine whether a stay of discovery was warranted based on the assertion of an immunity defense, even where some of plaintiff's claims not subject to such a defense. 23-cv-00851-GPG-SBP, 2023 WL 5957126, *3 (D. Colo. Sept. 13, 2023). The Court affirmed what the Supreme Court plainly stated in *Iqbal* – that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Id.* (quoting *Iqbal*, 556 U.S. 662, 685 (2009) (emphasis added). This Court properly rejected *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004), as well as other unpublished opinions that do not overrule the United States Supreme Court's decisions relieving public officials who assert qualified immunity from the obligation to participate in discovery proceedings – regardless of whether all named defendants are asserting the same immunity defenses. *See Lucero*, 2023 WL 5957126, at *3-*5.

Here, a stay of all discovery is necessary to protect the Deputies from facing unfair burdens of litigation, particularly because a finding that they are entitled to qualified immunity will require dismissal of the remaining claims in this action Accordingly, the Court should stay all discovery to meaningfully preserve the Deputies' entitlement to immunity pending resolution of the Motion to Dismiss.

## II.     The *String Cheese* factors also weigh in favor of a stay pending resolution of the Motion to Dismiss.

In addition to the Deputies' immunity defenses, the *String Cheese* factors weigh in favor of a stay of all discovery. When determining whether to issue a stay of

5

discovery, courts consider: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955 at *2. Here, the factors heavily weigh in favor of staying discovery pending resolution of the dispositive motions.

### A. Factors One and Two: The burdens discovery would impose on the Deputies greatly outweigh any minimal prejudice a temporary stay may cause Simmington

The first two factors balance a plaintiff's desire to proceed expeditiously in a case against the burden on defendants of proceeding forward. *Id.* Here, while the Deputies do not dispute that, "[l]ike any litigant, plaintiff has a general interest in proceeding expeditiously . . . and in avoiding unnecessary delay," *Lane*, 2012 WL 4928216, at *2, the burden on the Deputies considering their assertion of immunity outweighs that generalized interest.

The Deputies are entitled to qualified immunity on Simmington's remaining claim against them, and as the *Lucero* Court and the Supreme Court have emphasized, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long-drawn-out lawsuit." *Siegert*, 500 U.S. at 232; *see also Eaton v. Meneley*, 379 P.3d 949, 954 (10th Cir. 2004) (reiterating the need to protect defendants asserting qualified immunity from being required to "engage in expensive and time-consuming preparation to defend the suit on its merits") (quotation omitted); *Lucero,*

6

2023 WL 5957126, *3 (under the first *String Cheese* factor, "sufficient grounds for imposing a stay emerges from [the defendant] pointing to the burden of proceeding with discovery in the face of his assertion of qualified and absolute immunity.").

Therefore, officials who assert an immunity defense are entitled to have such immunity questions determined before incurring the burdens of litigation associated with costly discovery and trial. *See, e.g., id.; Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis added). Through this analysis, courts have acknowledged the burdens imposed on parties in discovery. This is especially true where, as here, a determination of immunity may dispose of all claims asserted against the defendants. *See Chapman v. Fed. Bureau of Prisons*, No. 15-CV-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor favors a stay if it would be "difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not"); *Est. of Thakuri by & through Thakuri v. City of Westminster*, No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019), *objections overruled*, No. 119CV02412DDDKAS, 2024 WL 1152564 (D. Colo. Feb. 23, 2024) (same).

Further, there is no indication that evidence would be lost or spoliated, or Simmington's ability to expeditiously pursue his rights would be significantly affected if the Court granted a stay. *See Lucero*, 2023 WL 5957126, at *6. When weighed against substantial and burdensome discovery obligations, a stay plainly is warranted.

7

### B. Factor Three: Judicial economy and efficiency weigh in favor of a stay.

The third factor also favors a stay as the Court's convenience will be best served by a stay of discovery and proceedings while it determines which, if any, claims against the Deputies survive the Motion to Dismiss. *See Bassett v. CDOC Employee*, No. 13-cv-03391-MJW, 2014 WL 2974982, at *2 (D. Colo. July 2, 2014) ("[T]he court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety" and "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal citation omitted); *Eggert*, 2010 WL 3359613, at *4 (when a motion to dismiss could be dispositive of a case, it is more efficient and convenient to the court to stay the entire proceedings rather than engage in piecemeal discovery). Even if the Court grants only partial relief to the Deputies in response to their Motion to Dismiss, granting a full stay pending those rulings will serve to limit the scope of any resulting discovery and lessen the likelihood of discovery disputes until the parties know which claims, if any, will move forward. *See, e.g., Crawford-El*, 523 U.S. at 597–98 ("The trial court . . . must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."). Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient." *Sandoval v. United States*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011) (citing *Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) and noting "that

8

discovery can be particularly disruptive when a dispositive motion regarding immunity is pending").

### C. Factors Four and Five: Third parties and the public interest in efficient use of judicial resources favor a stay.

With respect to the fourth and fifth factors, the Deputies are aware of no third parties or of any discernible public interest that would be negatively impacted by the requested stay. "To the extent the public is interested in reducing the workload of the Court, factor five also weighs in favor of a stay." *Lane*, 2012 WL 4928216, at *3. Thus, the *String Cheese* factors favor this Motion, and the Court should stay all discovery and proceedings in this case pending the resolution of the Deputies' Motion to Dismiss.

### CONCLUSION

For the foregoing reasons, the Deputies respectfully request that the Court stay all discovery and proceedings pending resolution of their Motion to Dismiss.

Respectfully submitted this 4th day of December, 2024.

JEFFERSON COUNTY ATTORNEY'S OFFICE

By: */s/ Rebecca P. Klymkowsky*
Rebecca P. Klymkowsky, #41673
Ben Longnecker, #55815
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
T: 303.271.8932
F: 303.271.8901
E: rklymkow@jeffco.us
E: bclongne@jeffco.us
*Attorneys for the Deputies*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2024, I filed the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY** via CM/ECF and served a true and correct copy upon the following via regular US Mail:

David W. Simmington, Jr.
#202059
Bent County Correctional Facility (BCCF)
11560 Road FF75
Las Animas, CO 81054-9573

                                              */s/ Rebecca P. Klymkowsky*
                                              Rebecca P. Klymkowsky